ZIMRI A. ENOS, Plaintiff in Error, *v.* JABEZ CAPPS, Defendant in Error.

ERROR TO SANGAMON.

A party having a right of action against the ancestor, is not (in this State) to be delayed in his remedy, because of the nonage of those on whom the law casts the liability.

Legal and equitable remedies stand upon the same footing in this respect.

THE facts of this case appear in the opinion of the court.

W. H. HERNDON, for plaintiff in error.

S. T. LOGAN, for defendant in error.

TREAT, C. J. Capps filed a bill in chancery against the heirs at law of P. P. Enos, alleging that their ancestor acquired the title to a tract of land in trust for the complainant, and praying that they might be compelled to convey the same to him. A decree was entered in September, 1836, requiring the heirs to convey the land to the complainant. They were then all minors. In July, 1853, Z. A. Enos, one of the heirs, sued out a writ of error to reverse the decree. The complainant pleads that the same was not sued out within five years after the entering of the decree. There is a demurrer to the plea.

The common law gave an infant, who was sued in respect of land derived from his ancestor, the right to resort to his parol demurrer, the effect of which was to stay the action until he arrived at full age, when the cause might be proceeded with, upon his being resummoned into court. In equity, he could not insist upon his nonage to suspend the suit, but it proceeded to a hearing and decree. It was, however, the established practice to insert a clause in the decree, giving him a day to show cause against it after his coming of age; and he was to be summoned into court for that purpose after attaining his majority. The decree was of no force against him, until made absolute by his failure to show cause against it. 1 Daniel's C. P. ch. 4, § 7; 1 Smith's C. P. 418; McClay *v.* Norris, 4 Gilm. 370. That practice is unquestionably applicable here, unless it has been changed by statute. It is insisted by the plaintiff in error that the decree below was erroneous, because no day was given him to show cause against it after coming of age; and

that the statute of limitations does not run as to a decree against an infant, until he is again brought before the court, and the decree is made absolute against him. Our statute provides that persons having legal or equitable causes of action against heirs or devisees, in respect of real estate descended or devised to them, " shall not be delayed for the nonage of any of the parties." See R. S. ch. 44. It was the intention of the legislature to change the existing law, and render remedies against heirs and devisees more summary and effective. A party having a right of action against the ancestor is not to be delayed in his remedy, because of the nonage of those on whom the law casts the liability. This provision takes away not only the common law privilege of the heir to stay the action until he comes of age, but his right in equity to show cause against a decree after attaining his majority. In this respect, it puts legal and equitable remedies against heirs on the same footing. The cause is to proceed without delay, and the judgment or decree is binding from its rendition. There was as much practical delay and inconvenience in enforcing an equitable as a legal demand against an heir. The complainant could not derive any benefit from his decree, until the heir became of age ; and he was again brought before the court, and the decree made absolute against him. It was this very delay and inconvenience that this statute was designed to obviate. If this view be correct, the decree in question was in force against the heirs on its rendition. The law gave them no day to show cause against it. Instead thereof, it gave them the right to sue out a writ of error for its reversal, at any time within five years after arriving at full age. If the plaintiff in error attained his majority within five years before this writ of error issued, he should have replied that fact to the plea. As he does not show himself entitled to maintain the writ, it will not be necessary to pass upon the various objections taken to the decree. However erroneous the decree may be, it is irreversible on error. Unless absolutely void, it is now conclusive upon the parties. The demurrer must be overruled, and the writ of error dismissed.

*Writ of error dismissed.*